NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

STEWART LEE BRASWELL, *Appellant.*

No. 1 CA-CR 14-0416
FILED 4-16-2015

Appeal from the Superior Court in Maricopa County
No. CR2013-436377-001
The Honorable William L. Brotherton Jr., Judge

**AFFIRMED AS CORRECTED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

Stewart Lee Braswell, Tucson
*Appellant*

---

**MEMORANDUM DECISION**

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Randall M. Howe joined.

---

**N O R R I S,** Judge:

¶1        Appellant Stewart Lee Braswell timely appeals from his convictions and sentences for possession of narcotic drugs, a class 4 felony, in violation of Arizona Revised Statutes ("A.R.S.") section 13-3408 (2010), and possession of drug paraphernalia, a class 6 felony, in violation of A.R.S. § 13-3415 (2010).  After searching the record on appeal and finding no arguable question of law that was not frivolous, Braswell's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), asking this court to search the record for fundamental error.  This court granted counsel's motion to allow Braswell to file a supplemental brief *in propria persona*, and Braswell did so.  We reject the arguments raised in Braswell's supplemental brief and, after reviewing the entire record, we find no fundamental error.  Therefore, we affirm Braswell's convictions and sentences as corrected.

**FACTS AND PROCEDURAL BACKGROUND[1]**

¶2        On August 1, 2013, a Phoenix Police Department officer responded to a 911 call made by a hotel employee.  The employee directed the officer to a hotel room where a man had been screaming, making loud noises, banging on doors to other hotel rooms, and slamming a door very loudly.  As the officer approached, Braswell opened the door and stepped through the doorway as he was yelling at someone in the room.  When Braswell saw the officer he turned around and attempted to re-enter the room, but the officer grabbed and handcuffed him.  The officer arrested Braswell for disorderly conduct, and after performing a search incident to an arrest, he discovered a baggie containing a white rock-like substance in

---

[1]We view the facts in the light most favorable to sustaining the jury's verdict and resolve all reasonable inferences against Braswell.  *See State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989).

Braswell's pants pocket which the officer believed was crack cocaine. The officer also saw a clear glass pipe fall from Braswell's handcuffed hands.

¶3 A grand jury indicted Braswell for possession of narcotic drugs, possession of drug paraphernalia, and disorderly conduct. At trial, a forensic scientist with the City of Phoenix Police Department Crime Laboratory testified the white rock-like substance was cocaine, and the officer testified the glass pipe was consistent with the kind of pipe used to smoke crack cocaine. The jury found Braswell not guilty of disorderly conduct but guilty of possession of narcotic drugs and possession of drug paraphernalia.

¶4 At the sentencing hearing Braswell admitted to having eight prior felony convictions. The superior court sentenced Braswell as a category three repetitive offender to mitigated terms of 6 years' imprisonment for possession of narcotic drugs, a class 4 felony, and 2.25 years' imprisonment for possession of drug paraphernalia, a class 6 felony, with both sentences to run concurrently. The court awarded Braswell 130 days of presentence incarceration credit.

## DISCUSSION

¶5 We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. Braswell received a fair trial and was represented by counsel at all stages of the proceedings. Braswell was either present or voluntarily absent at all critical stages of the case.[2]

¶6 The evidence presented at trial was substantial and supports the verdicts. The jury was properly comprised of eight members and the court properly instructed the jury on the elements of the charges, Braswell's presumption of innocence, the State's burden of proof, and the necessity of a unanimous verdict. The superior court received and considered a presentence report, Braswell was given an opportunity to speak at sentencing, and his sentences were within the range of acceptable sentences for his offenses.

¶7 In his supplemental brief, Braswell argues the hotel employee was "paid off to try to set [him] up," and the police planted the drugs on

---

[2]Braswell failed to appear at several pretrial hearings, was absent on the first day of trial, and elected not to appear for the rest of the trial. The court was entitled to infer his absences were voluntary pursuant to Arizona Rule of Criminal Procedure 9.1.

him. The record contains no support for either argument, and as discussed above, the evidence presented at trial was substantial and supports the jury's verdicts.

¶8 In our review of the record, we discovered two errors in the superior court's sentencing minute entry. First, the minute entry describes Braswell's convictions as "repetitive" but lists A.R.S. § "13-702"—the sentencing statue for first time felony offenders—for each offense. Braswell admitted to eight prior felonies, and the superior court sentenced him as a class three repetitive offender. Thus, we correct the sentencing minute entry to remove the citation to A.R.S. § "13-702" under Count 1 and to replace the citation to A.R.S. § "13-702" with "13-703" under Count 2. Second, the minute entry does not reflect the accurate dates of one of Braswell's admitted prior felony convictions. Thus, we correct the sentencing minute entry to replace what currently reads, "Possession of Cocaine, a felony committed on 03/27/2009 and convicted on 01/27/2010 in Hillsborough County," with, "Possession of Cocaine, a felony committed on 03/05/2007 and convicted on 03/07/2009 in Hillsborough County."

## CONCLUSION

¶9 We decline to order briefing and affirm Braswell's convictions and sentences as corrected.

¶10 After the filing of this decision, defense counsel's obligations pertaining to Braswell's representation in this appeal have ended. Defense counsel need do no more than inform Braswell of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984).

¶11 Braswell has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. On the court's own motion, we also grant Braswell 30 days from the date of this decision to file an *in propria persona* motion for reconsideration.



Ruth A. Willingham · Clerk of the Court
FILED: ama

4